UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jason David Austin, | Civil No. 06-2721 (RHK) |
| | Criminal No. 04-117 (1) (RHK/AJB) |
| Petitioner, | |
| vs. | **ORDER** |
| United States of America, | |
| Respondent. | |

---

Before the Court is Petitioner's Section 2255 Motion for habeas relief. In March 2004, Respondent was charged with bank robbery, to which he entered a guilty plea on May 17, 2004. Six weeks later, he filed a motion to withdraw the guilty plea, which was denied by this Court. He was thereafter sentenced to 210 months' imprisonment. On appeal, he argued that the decision to plead guilty was hastily made and, as a result, not fully voluntary. The Eighth Circuit rejected this argument and affirmed the denial of the motion to withdraw the plea.

In his section 2255 Petition, Petitioner asserts ineffective assistance of counsel as well as the failure of the District Court to give him appropriate "jail credit" for the period he was in custody from August 20, 2003 through March 31, 2004. Both arguments are without merit. He first contends that his trial counsel assured him that his sentence would not exceed 151 months. This claim is at odds with his own sworn testimony at his change of plea hearing, where he acknowledged that "no one made any promises to [him] other than what's in the agreement itself." He also acknowledged that the Court, not a party to the plea

agreement, would make its own determination of the guideline range and that he would be bound by that determination, even if it differed from that contemplated by the plea agreement.  During this plea hearing, he acknowledged that he understood that if he were sentenced to more than 151 months in prison (the low end of the estimated guideline range), he would not be able to withdraw his plea of guilty.  Based on the record, he is not entitled to habeas relief with respect to these issues.

Finally, his claims that appellate counsel's failure to raise <u>Blakely</u> and <u>Booker</u> issues is also without merit.  Because of his career offender status, <u>Blakely</u> has no effect.  With respect to <u>Booker</u>, the record at sentencing does not suggest that his sentence would have been lower had <u>Booker</u> been applied to the circumstances of his case.

Finally, his "jail credit" issue, which also appears to be without merit, must be brought under 28 U.S.C. § 2241 in the district of his incarceration.

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED**:

1.  The Petition to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, CV-06-2721; Doc. No. 42, CR-04-117) is **DENIED**; and

2. In view of this Court's determination that his Petition lacks merit, the Court declines to issue a Certificate of Appealability.

Dated: January 17, 2007

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge